UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL D. SMITH,

    Plaintiff,                        CIVIL ACTION NO. 08-14893

v.                                    DISTRICT JUDGE GERALD E. ROSEN
                                          MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on January 20, 2005, alleging that he had become disabled and unable to work on March 1, 2003, at age 40, due to bilateral shoulder pain, breathing difficulties, obesity, stomach ulcers and mental depression. Benefits were denied by the Social Security Administration. Plaintiff filed an application for Supplemental Security Income (SSI) benefits on February 16, 2006.

A requested de novo hearing was held on March 5, 2008, before Administrative Law Judge (ALJ) Peter Dowd. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work that did not require any kneeling, crouching, crawling, or overhead reaching. The ALJ concluded that the claimant should avoid polluted air environments and exposure to unprotected heights. The Law Judge also determined that Plaintiff was limited to simple, routine job duties that did not require independent judgment or

high production quotas. The ALJ further restricted Plaintiff from working with the general public, or having more than superficial contact with supervisors and co-workers. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 45 years old at the time of the administrative hearing (TR 315). He had an eleventh grade education, and had been employed during the relevant past as a maintenance worker and window installation crew leader (TR 81-82, 322). As a window installer and maintenance man, he supervised up to 8 laborers, and he was required to complete timely progress reports on construction projects (TR 82). Plaintiff did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 100 pounds on a regular basis (TR 82).

Claimant stopped working in March 2003, due to bilateral shoulder pain and mental depression (TR 171, 194). Plaintiff testified that he continues to experience persistent symptoms of shoulder and neck pain (TR 330-331). He also claimed that he was unable to work due to the combination of sleep disturbance, chronic fatigue, shortness of breath and mental depression (TR 332-333). Despite these impairments, claimant was able to help with meal preparation, mow the lawn and manage his finances (TR 341-342, 344). He spent his days watching television, listening to music, playing online poker and going to the movies (TR 343-346). Claimant explained that he could not hold a job because he knew that he would often be late for work. He added that any employer would eventually fire him for his poor appearance (TR 349).

A Vocational Expert, Michele Robb, classified Plaintiff's past work as heavy, semi-skilled activity (TR 354). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 358).  If he were capable of light work, however, there were numerous unskilled assembly, inspection, cashier and general office jobs that he could perform with minimal vocational adjustment (TR 355, 357). These simple, routine jobs did not involve any kneeling, crouching, crawling, or overhead work. They did not expose the claimant to unprotected heights, polluted air environments or high production quotas.  The jobs did not require dealing with the general public, or having more than superficial contact with supervisors and co-workers (TR 354-355).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was   impaired as result of arthritic shoulder pain, pulmonary disease, obesity, stomach ulcers (caused by alcohol abuse and inappropriate use of Excedrin) and mental depression, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's mental difficulties limited him to simple, routine work that involved limited contact with supervisors, co-workers and the general public. The Law Judge found that Plaintiff could not repetitively perform any kneeling, crouching, crawling  or overhead work.  The ALJ also concluded that the claimant should not be exposed to polluted air, high production quotas or unprotected heights. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert.

---

[1]The witness opined that, if claimant was required to be absent from work for more than a day a month, all work activity would be precluded (TR 358).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that the ALJ improperly rejected the opinion of a treating doctor that he was unable to lift any weight on a regular basis. He also argued that the Law Judge's reliance on claimant's household duties was misplaced and cannot serve as the basis to deny disability benefits. Defendant counters that the ALJ did consider the weight limitation, but reasonably rejected the treating doctor's opinion because he found that it was not consistent with the other evidence of record.

**4**

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, light work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegation of totally disabling shoulder pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

Dr. Bret Bielawski reported in July 2005, that claimant's shoulder pain did not affect his grip strength or manual dexterity (TR 144). Plaintiff had mild difficulty getting on and off the examining table and when heel and toe walking (TR 145). X-rays of the shoulder joints showed no fracture or evidence of dislocation, and the degenerative changes were described as minor (TR 270-271). Plaintiff told the doctor that he never had physical therapy, pain injections or surgery for the shoulder impairment (TR 143). At the time of the hearing, the claimant described his shoulder pain as a level 2, on a scale of 1 to 10, and he portrayed the pain as just an ache (TR 335).

A review of the medical evidence of record also disclosed that Plaintiff's asthma was under good control, and that he did not need a home nebulizer to help him breathe (TR 143). The claimant was repeatedly instructed by his doctors to stop smoking, given his respiratory difficulties, but he was unable to comply .The sleep apnea was said to be minimal (TR 229). Claimant's knees were, at times, painful, but he enjoyed normal ranges of flex motion without any effusion or joint deformity (TR 145). Hypertension was controlled, and a stress test yielded normal results (TR 277, 285).

Dr. Gerald Williams, a psychologist who interviewed claimant in July 2005, at the request of the Commissioner, stated that he could find nothing "that would socially or

psychologically prevent [claimant] from seeking, obtaining and maintaining gainful employment." The psychologist scored Plaintiff's Global Assessment of Function (GAF) at 75, indicating only slight impairments in social, occupational or school functioning (TR 161).

Plaintiff testified that he was able to drive by himself, manage his family's finances, help with meal preparation and even mow the lawn once in a while (TR 156-157, 342). When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant[2], who concluded that the claimant could perform a restricted range of light work, despite his shoulder and breathing difficulties (TR 120). Moreover, Dr. Sommerschield, a treating source, refused to complete a disability paperwork in September 2004, because there were "no grounds" for such a disability claim (TR 179). Another treating physician, Dr. Amy Stoune, indicated in October 2005, that Plaintiff was capable of returning to his past job, or performing other types of gainful activity (TR 280). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his various impairments were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that he needed to rest frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting him to simple, routine jobs that did not expose him to unprotected heights, polluted air environments or high production quotas. The Law Judge further restricted claimant from jobs requiring dealing with the general public, or having more than superficial contact with supervisors and co-workers.

---

[2]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2009).

Plaintiff relies heavily upon the fact that Dr. Clarissa Kroese opined, in March 2008, that he could not lift any weight on a regular basis (TR 300-302). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Kroese offered little post-surgical objective evidence to support her March 2008, functional restriction[3], her assessment need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded

---

[3]The ALJ rejected the doctor's assessment, setting forth persuasive reasons for doing so (TR 17-18). The ALJ noted that the treating doctor's opinion was contradicted by the objective clinical findings of other examining physicians, who found minimal functional limitations. Plaintiff actually acknowledged that he could perform substantial gainful activity, provided he got "along well with the interviewer." (TR 160). At the hearing, Plaintiff testified that he could not hold a job, not due to any physical or mental impairment, but because he believed he would be fired for his poor appearance (TR 349).

lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled assembly, inspection, cashier and general office jobs that he could perform with minimal vocational adjustment (TR 355, 357). These simple, routine jobs did not involve any kneeling, crouching, crawling, or overhead work. They did not expose the claimant to unprotected heights, polluted air environments or high production quotas. The jobs did not require dealing with the general public, or having more than superficial contact with supervisors and co-workers (TR 354-355). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        s/Donald A. Scheer  
        DONALD A. SCHEER  
        UNITED STATES MAGISTRATE JUDGE  

DATED: May 20, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on May 20, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 20, 2009: **Thomas Donnellan.**

        s/Michael E. Lang  
        Deputy Clerk to  
        Magistrate Judge Donald A. Scheer  
        (313) 234-5217