# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DANIEL DAVID SMITH,

      Plaintiff,

v.

      Case No. 08-14893
      Hon. Gerald E. Rosen
      Magistrate Judge Donald A. Scheer

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      December 3, 2009

      PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

On May 20, 2009, Magistrate Judge Donald A. Scheer issued a Report and Recommendation ("R & R") recommending that the Court grant the Defendant Commissioner of Social Security's motion for summary judgment and deny Plaintiff Daniel David Smith's motion for summary judgment. On June 2, 2009, Plaintiff filed objections to the R & R. The Court has now reviewed the R & R, Plaintiff's objections, the parties' underlying motions, and the record as a whole. For the reasons set forth briefly below, the Court finds no merit in Plaintiff's objections, and therefore adopts the Magistrate Judge's R & R as the opinion of this Court.

Plaintiff evidently has lodged a single objection to the R & R.[1]  In particular, he contends that the Administrative Law Judge ("ALJ") used flawed reasoning in determining that Plaintiff's testimony regarding his daily activities was not fully credible, and he argues that this allegedly erroneous credibility finding, in turn, led the ALJ to improperly discount the opinion of one of Plaintiff's treating physicians, Dr. Clarissa Kroese.  As Plaintiff observes, the ALJ noted Plaintiff's testimony that his wife was disabled, and then surmised from this testimony that Plaintiff "must be responsible for handling some of [his household's] daily routine including cooking, shopping, cleaning and yard work."  (Admin. Record at 18.)  Yet, in so concluding, the ALJ seemingly overlooked Plaintiff's testimony that his mother also lived in the household and handled much of the housework.  (*See id.* at 344.)  It follows, in Plaintiff's view, that the ALJ lacked a sufficient basis for discounting his credibility.

Plaintiff's argument on this point, however, ignores the several other reasons given by the ALJ for discounting Plaintiff's credibility.  First, the ALJ cited Plaintiff's testimony that he was able to drive by himself, (*id.* at 18), and Plaintiff also testified that he sometimes helped with meal preparation, assisted in the management of his family's finances, and occasionally mowed the lawn, (*see id.* at 341-44).  Next, the ALJ observed

---

[1]Under Fed. R. Civ. P. 72(b)(2) and Local Rule 72.1(d)(1) of this District, a party must file specific objections to a Magistrate Judge's R & R, and must identify both the grounds for any objections and the specific portions of the R & R to which the party objects.  In this case, however, Plaintiff's counsel has lodged objections through a brief that is a near carbon-copy of the brief filed in support of Plaintiff's underlying summary judgment motion.  Needless to say, this brief provides little guidance to the Court in determining the portions of the R & R to which Plaintiff means to object and the grounds for any such objections.

that Plaintiff received "very little medical treatment," was "not in mental health counseling," and reported his shoulder pain as "a '2' on a scale of '1' to '10,'" (*id.* at 18), all of which tended to undermine Plaintiff's claimed inability to engage in any activity "other than going to the doctor," (*id.* at 343).  Finally, the ALJ found that Plaintiff's testimony as to his limitations was inconsistent with the medical record, (*id.* at 18), and the Magistrate Judge correctly notes the ample evidentiary support for this conclusion, (*see* R & R at 6).  Consequently, even assuming the ALJ might have erred in one of the reasons given for discounting Plaintiff's testimony regarding his daily activities, there nonetheless was a substantial evidentiary basis for the ALJ's more general determination that Plaintiff's testimony was not fully credible.

In any event, any such defect in the ALJ's assessment of Plaintiff's credibility had no evident bearing upon the aspect of the ALJ's ruling that Plaintiff finds most objectionable — namely, the ALJ's decision not to give controlling weight to the opinion of one of Plaintiff's treating physicians, Dr. Kroese.  As noted in the case law cited by Plaintiff, an ALJ must "give good reasons for not giving weight to a treating physician in the context of a disability determination."  *Wilson v. Commissioner of Social Security,* 378 F.3d 541, 544 (6th Cir. 2004) (internal quotation marks and citation omitted).  Yet, as explained by the Magistrate Judge, (*see* R & R at 7 & n.3), the ALJ did so here, finding that Dr. Kroese's assessment of Plaintiff's limitations was "not supported by the objective medical evidence," ran counter to the evaluations of other physicians, and was inconsistent with the conservative course of treatment pursued by Plaintiff.  (Admin.

Record at 18.)  Notably, these reasons identified by the ALJ for giving less weight to Dr. Kroese's opinion did not turn in any way upon the ALJ's assessment of Plaintiff's credibility, but instead rested solely upon the inconsistency of Dr. Kroese's assessment with the remainder of the medical record.

Nonetheless, Plaintiff maintains that the reports of other physicians and other medical evidence cited by the ALJ "do not take into account the extent of the degeneration of Mr. Smith's condition by [March of ] 2008," when Dr. Kroese completed the functional limitation form upon which Plaintiff seeks to rely here.  (Plaintiff's Objections at 18.)  Yet, it appears from the medical record that Plaintiff's most recent visits to Dr. Kroese dated back several months prior to her completion of the assessment form in March of 2008, and were limited to following up on an existing course of treatment.  (*See* Admin. Record at 238-42.)  Thus, the later date of Dr. Kroese's assessment did not preclude the ALJ from comparing and gauging this opinion as against the remainder of the medical record, nor does it defeat the "good reasons" given by the ALJ for declining to give this opinion controlling weight.  Rather, the Court agrees with the Magistrate Judge that the ALJ adhered to the appropriate legal standards and acted consistently with his designated role in determining the weight to be given to Dr. Kroese's assessment of Plaintiff's limitations.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's

4

May 20, 2009 Report and Recommendation, as supplemented by the above rulings, is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED that, for the reasons stated in the R & R and set forth above, Defendant's motion for summary judgment (docket #18) is GRANTED, and Plaintiff's motion for summary judgment (docket #14) is DENIED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: December 3, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 3, 2009, by electronic and/or ordinary mail.

        s/Ruth Brissaud
        Case Manager